# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK  10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number:  (212) 326-8386
tlchase@jonesday.com

August 26, 2016

**VIA ECF AND OVERNIGHT UPS**
The Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, NY 10007

> Re:  **Sefovic v. Memorial Sloan Kettering Cancer Center, et. al.; Case No. 1:15-cv-05792 (PAC)**

Dear Judge Crotty:

We represent Defendants Memorial Sloan Kettering Cancer Center (the "Center"), Frederic Stell, Jose Casa, and Tom Mattice (the Center, Stell, Casa, and Mattice, collectively, "Defendants") in the above-referenced case.  We write pursuant to Rule 3(D) of Your Honor's Individual Rules of Practice to respectfully request that the conference scheduled for September 8, 2016 serve as a pre-motion conference for Defendants' anticipated motion for summary judgment to dismiss the Complaint in its entirety.

Plaintiff Salijo Sefovic ("Plaintiff") is a 60 year-old male who worked at the Center between March 8, 1993 and October 21, 2014.  The Center terminated Plaintiff's employment after he had been out of work for over 4 weeks, failed to submit required medical documentation, and failed to return to work when his supervisor told him that his leave request had been denied.  As discussed below, Plaintiff has not and cannot proffer sufficient evidence for any of his claims to withstand summary judgment.

JONES DAY

The Honorable Paul A. Crotty
August 26, 2016
Page 2

Plaintiff is unable to state a *prima facie* case of age discrimination.[1]  In his deposition, Plaintiff admitted that no one at the Center ever made a derogatory remark related to age. Plaintiff's age claim rests solely upon his replacement by a younger employee.  Without more, the mere existence of a younger replacement is insufficient to establish circumstances giving rise to an inference of discrimination and, accordingly, Plaintiff's age claim fails.

Similarly, Plaintiff's disability discrimination claim is meritless.  Plaintiff admitted that, from the time of his alleged injury in September 2014 to the present, he has been completely unable to work.  As such, Plaintiff is not a qualified individual with a disability and cannot state a prima facie case of disability discrimination.[2]  Moreover, Plaintiff admitted that no one at the Center ever made any derogatory remarks related to his, or anyone else's, alleged disability or medical condition.  Thus, Plaintiff's disability discrimination claim also fails.

Plaintiff's FMLA claim also suffers from a complete lack of evidentiary support. Plaintiff admitted that: (i) he received all of the FMLA leave to which he was entitled; (ii) he received many weeks beyond the 12 weeks available under FMLA; (iii) his leave was paid; (iv) he had no issues taking or returning from his FMLA leave; and (v) no one ever made any

---

[1] To establish a prima facie case of age discrimination under the ADEA, Plaintiff must demonstrate (1) that he was within the protected age group, (2) that he was qualified for the position, (3) that he experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Edwards v. Elmhurst Hospital Center*, No. 15-cv-4830, 2016 WL 4197584, at *2 (E.D.N.Y. Aug. 9, 2016).

[2] *See Sesay-Harrell v. New York City Dep't of Homeless Servs.*, No. 12 Civ. 925, 2013 U.S. Dist. LEXIS 170160, at *54-55 (W.D.N.Y Dec. 2, 2013) ("Plaintiff's admission that she is unable to work…precludes her from establishing a prima face case of disability discrimination under the ADA").

JONES DAY

The Honorable Paul A. Crotty
August 26, 2016
Page 3

derogatory comments relating to his leave.  Accordingly, Plaintiff cannot establish his FMLA interference claim.[3]

Finally, Plaintiff's retaliation claim fails because he did not engage in protected activity.[4] Plaintiff admitted that he never complained to anyone at the Center about discrimination based on age, disability, or any other protected category, or about issues associated with FMLA. Accordingly, he cannot prevail on his retaliation claim.

Even if Plaintiff could establish a *prima facie* case for any of his claims, Defendants have a legitimate non-discriminatory, non-retaliatory reason for his termination; namely, Plaintiff's month-long unexcused absence and failure to return to work.  Plaintiff has absolutely no evidence that this reason was a pretext for discrimination or retaliation.[5]

Thank you and please let me know if you would like any additional information.

                                           Respectfully submitted,

                                           */s/ Terri L. Chase*

                                           Terri L. Chase

cc:    Ioannis (John) P. Sipsas, Esq. (via ECF)

NAI-1501984941v1

---

[3] To establish a prima facie case of interference, Plaintiff must demonstrate: (1) that he is an 'eligible employee' under the FMLA; (2) that defendants constitute an employer under the FMLA; (3) that he was entitled to leave under the FMLA; (4) that he gave notice to defendants of his intention to take leave; and (5) that defendants denied him benefits to which he was entitled by the FMLA.  *See Hahn v. Office & Professional Employees International Union, Local 153*, 2016 WL 4120517, at *4 (S.D.N.Y. 2016).

[4] To establish a prima facie case of retaliation, Plaintiff must establish that: (1) he participated in a protected activity; (2) Defendants had knowledge of the protected activity; (3) he suffered an adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action.  *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005).

[5] Plaintiff also has no evidence to support his hostile work environment or aiding and abetting claims.